UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | ) Case No. 4:05CV2232 JCH<br>) |
| APEX OIL COMPANY, INC., et al., | )<br>) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Apex Oil Company's ("Apex") Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment, filed February 22, 2006. (Doc. No. 59). The matter is fully briefed and ready for disposition.

**BACKGROUND**

By way of background, Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation organized and existing under the laws of the state of Pennsylvania. (Amended Complaint for Declaratory Judgment and Other Relief ("Complaint" or "Compl."), ¶ 2). At all relevant times, National Union was engaged in the business of issuing policies of liability insurance, and was licensed to issue said policies in Missouri. (Id.).[1]

National Union issued to Apex the following general liability policies: (1) policy number GLA 1561484, with a policy period of 10/1/85 to 10/1/86 (the "1985 Policy"); (2) policy number RMGLA 1979439, with a policy period of 10/1/86 to 10/1/87 (the "1986 Policy); and (3) policy number

---

[1] The majority of the Court's background section is taken from National Union's Complaint, to which Defendant Apex has not yet filed an Answer.

RMGLA 1979439, with an initial policy period of 10/1/87 to 10/1/88 (the "1987 Policy"). (Compl., ¶¶ 10-12). The 1985, 1986, and 1987 Policies are collectively referred to herein as the "Policies."

A number of lawsuits have been filed in Illinois against Apex, in connection with Apex's owning and operating an oil refinery and the associated pipelines in Hartford, Illinois. (Compl., ¶ 16). First, the State of Illinois initiated a lawsuit against Apex in Madison County, Illinois, alleging Apex violated various provisions of the Illinois Environmental Protection Act, and the Oil Spill Responders Liability Act (the "Illinois Suit"). (Id.., ¶¶ 15-18). According to National Union, the complaint in the Illinois Suit was never served on Apex. (Id., ¶ 19).

Second, two lawsuits, entitled *Katherine Sparks, et al. v. Apex Oil Company, Inc., et al.*, and *Dennis Bedwell, et al. v. Apex Oil Company, et al.*, were filed against Apex in Madison County, Illinois. (Compl., ¶¶ 20-21). The two suits eventually were consolidated, and on or about April 27, 2005, an amended complaint was filed in the consolidated suit (the "Sparks Suit"). (Id., ¶ 22). In the consolidated Sparks Suit, the plaintiffs seek, among other things, both compensatory damages and equitable/injunctive relief. (Id., ¶ 24).

Third, a lawsuit entitled *Jennifer and Thomas Abert et al. v. Apex Oil Company, et al.*, was filed against Apex in Madison County, Illinois (the "Abert Suit"). (Compl., ¶ 25). Plaintiffs in the Abert suit also seek damages and equitable/injunctive relief. (Id., ¶ 27). According to National Union, a settlement in the Abert suit was approved by the Madison County Court, but the settlement is not final because other defendants in the case have appealed the Court's finding of a good faith settlement. (Id., ¶ 28).

Finally, on April 5, 2005, the United States of America filed a complaint against Apex in the United States District Court for the Southern District of Illinois (the "United States Suit"), claiming

Apex violated the Resource Conservation and Recovery Act. (Compl., ¶¶ 29-32). The United States seeks both compensatory damages and injunctive relief. (Compl., ¶ 32).

Apex contends it notified National Union of each of the above lawsuits, but National Union refused to defend Apex. (Apex Oil Company's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment, P. 1). Therefore, on August 5, 2005, Apex filed a Complaint in the Circuit Court of Madison County, Illinois, against National Union and the other Defendants in this matter, seeking a declaration of the Court regarding insurance coverage and bad faith. (Id.).[2]

National Union filed the instant Amended Complaint for Declaratory Judgment on February 13, 2006. (Doc. No. 49). In its Complaint, National Union states as follows: "This Complaint requests the Court to issue a judgment pursuant to 28 U.S.C. § 2201, declaring that the policies of insurance issued by National Union to Apex Oil do not require National Union to defend or indemnify Apex Oil in connection with certain underlying lawsuits brought against Apex Oil." (Compl., ¶ 1). Specifically, National Union seeks Declaratory Judgment regarding coverage under the Policies as follows: No Bodily Injury (Count I); Property Damage Must Be During The Policy Period (Count II); No Occurrence (Count III); Pollution Exclusion (Count IV); Owned Property Exclusion (Count V); Other Insurance (Count VI); Late Notice (Count VII); Excess Coverage (Count VIII); Known Loss (Count IX); and Damages (Count X). (Compl., ¶¶ 33-67).

---

[2] According to Apex's Complaint, Defendants American General Insurance Company, International Insurance Company, and National Union each issued general liability insurance policies to Apex. (Apex's Motion to Dismiss, attached Exh. A, ¶ 16-20). Defendants Corroon & Black of Missouri, Inc. and Frank B. Hall & Company of Missouri, Inc., are Missouri corporations engaged in the business of insurance brokerage, who procured the relevant general liability policies for Apex. (Id., ¶¶ 5-6, 193, 201).

As stated above, Apex filed the instant Motion to Dismiss on February 22, 2006. (Doc. No. 59). In its motion, Apex maintains this suit must be dismissed, as it is duplicative of the state court action previously filed by Apex in Illinois. (Id.).

## **DISCUSSION**

In Wilton v. Seven Falls Company, the United States Supreme Court considered the standard governing a district court's decision to dismiss or stay a federal declaratory judgment action during the pendency of a parallel state court proceeding. See Wilton v. Seven Falls Co., 515 U.S. 277, 279, 115 S.Ct. 2137, 2139, 132 L.Ed.2d 214 (1995). The Supreme Court ultimately held that when the federal action is a declaratory judgment action, the district court is vested with far greater discretion in deciding whether to stay or dismiss. Wilton, 515 U.S. at 286 (adopting the standard articulated in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288; see also Federal Ins. Co. v. Sprigg Lane Investment Corp., 915 F.Supp. 122, 124 (E.D. Mo. 1996). Further, the Eighth Circuit has explained that, "[u]nder *Brillhart*, the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citations omitted). If so, the district court must dismiss the federal action, because:

> [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart, 316 U.S. at 495.

In the instant case, the Court first notes the obvious similarities between the state and federal actions. Capitol Indemnity, 218 F.3d at 875. Specifically, both actions involve the same parties, the same insurance policies, and essentially the same arguments. Id.; see also National Union Fire Ins. Co. of Pittsburgh v. Interstate Brands Corp., 2006 WL 148744 at *2 (E.D. Mo. Jan. 18, 2006). Further, while the instant suit alleges an actual controversy only between National Union and Apex, the state court proceeding involves claims against the other insurance companies and insurance brokers as well, and thus the rights of all interested parties potentially may be adjudicated in that proceeding.[3] Finally, the Court notes there are no matters of federal law to be decided in either suit. See, e.g., National Union Fire Ins. Co. of Pittsburgh v. Terra Industries, Inc., 346 F.3d 1160, 1164 (8th Cir. 2003) (citation omitted) ("State law governs the interpretation of insurance policies."). See also Federal Ins. Co., 915 F.Supp. at 124. The Court thus finds a declaratory judgment action in this Court serves no useful purpose, and so Apex's Motion to Dismiss will be granted.[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Apex Oil Company's Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment (Doc. No. 59) is **GRANTED**, and National Union's

---

[3] Apex correctly notes that while the other insurance companies and brokers are named as Defendants in the instant suit, National Union seeks no relief from such Defendants. (Apex Oil Company's Reply in Support of its Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, P. 2).

[4] The Court has considered National Union's arguments in favor of retaining jurisdiction, and finds them to be without merit. In the event any of the hypothetical scenarios posited by National Union actually materializes, it remains free to refile the instant lawsuit, as the Court's dismissal is without prejudice.

Amended Complaint for Declaratory Judgment is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

    **IT IS FURTHER ORDERED** that the outstanding motion in this matter (Doc. No. 73) is **DENIED** as moot.


Dated this 12th day of April, 2006.

                                         /s/ Jean C. Hamilton
                                         UNITED STATES DISTRICT JUDGE